JACOB MILLER, Plaintiff in Error, v. JAMES M. NEIMERICK and PHILIP ECKERT, Defendants in Error.

ERROR TO ST. CLAIR.

The written or verbal statements of one of several copartners, made after dissolution, relating to partnership transactions arising prior to that event, are incompetent to charge other members of the firm.

THIS was an action of assumpsit, tried at the March term, 1857, of the St. Clair Circuit Court. The declaration has a count for goods sold, work done, money lent, money paid, and an account stated. Defendant, Eckert, plead the general issue, and gave notice of items of set-off. The issues of fact were tried by consent by the court, who found for the defendant. Plaintiff moved for a new trial, which was overruled.

It was further admitted that there were payments on drafts not credited, or credited in part, which plaintiff sought to explain by the admissions of Neimerick, made just after the dissolution of the firm and at the trial, that when such drafts were drawn, Miller paid Neimerick money and credited the firm the excess, if any, on his books.

It was proved that Neimerick was the active partner of defendants' firm, and drew all the drafts for which Eckert claims a set-off. The firm was dissolved before the commencement of this suit. The only question presented here, or in the court below, is, whether the admissions of Neimerick, a partner, made after the dissolution of the firm, are evidence against the firm.

This case was changed to the second grand division, by consent of parties.

UNDERWOODS, for Plaintiff in Error.

G. KOERNER, for Defendants in Error.

SKINNER, J. Miller sued Neimerick and Eckert, as late partners, upon a book account. On the trial, Miller offered in evidence a written statement, made by Neimerick after the dissolution of the partnership, admitting a balance due from the firm of Neimerick & Eckert to Miller. The court rejected the evidence, and judgment was rendered for the defendants.

The question is broadly presented whether admissions of one partner made *after* the dissolution of the partnership, relating to partnership transactions arising prior to the dissolution, are admissible to charge the several members of the dissolved

firm. In the case of *Wood* v. *Braddick*, 1 Taunton R. 104, such admissions were held competent to charge all the members of the firm, and that ruling seems to have been followed in England until finally avoided by Act of Parliament. The same rule has been recognized in several States of this Union, but in many of them the opposite doctrine prevails.

In view of the conflict of authority upon the question, we are at liberty to adopt such rule as is most consonant with the reason and analogies of the law, and best adapted to the security of private rights. It is true, that during the existence of the partnership, each partner may act for the whole, upon the ground that all have delegated to each, authority to act for them in matters of joint concern ; but this plenary power of the several members of the partnership continues no longer than the partnership out of which it arises. Therefore, when the partnership has terminated, the several partners lose their authority to act for the whole, and can no longer bind them by any undertaking in the partnership name ; and their powers become limited to the adjustment of the partnership affairs and the winding up of the partnership. For such purposes each may receive and release debts due the partnership, and apply the assets to the liquidation of the firm debts,—the preëxisting rights of their persons remaining unaffected by the dissolution,—but the power to bind the several members of the dissolved firm, by the creation of new liabilities and obligations, falls with the partnership.

The admission of one partner, of a debt of the partnership, made when the partnership has no existence, if sufficient to establish the liability of all the partners, involves the power to bind all by the creation of a partnership liability ; for it is indifferent to the other partners whether their liability be established by the admission, or the undertaking, written or verbal, of one of their number.

The effect in either case is the same. A joint liability is *prima facie* established and imposed, which may be satisfied not only out of the partnership property, but out of the separate estates of the former partners.

If the several members of a dissolved firm can, by admission or stipulation, charge their former partners, not only may the partnership assets be swallowed up, but the individual members of the late firm may be made bankrupt, by admissions made after the partnership has ceased to exist, by one no longer their agent,—without the sanctions of an oath, or any of the ordinary guaranties of truth, and who may be without pecuniary ability to respond in damages, is influenced by ill will or private gain,

and has in fact no real concern as to consequences of mere legal liability.

It is true, that a party to the record cannot, without his consent, be made, at law, a witness; but his evidence may be obtained by bill of discovery in aid of a suit at law, and may be used on the trial where necessity requires it.

We hold the written statement or admission incompetent to charge Eckert, and refer, without comment upon them, to the following authorities:

Story on Part., secs. 324, 323; 3 Kent's Com. 49, 50; *Bell* v. *Morrison*, 1 Peter's R. 351; *Bishop* v. *Patterson*, 2 McLean's R. 87; *Britler* v. *Hoke*, 1 Penn. R. 135; *Walker* v. *Duberry*, 1 A. K. Marshall's R. 189; *Shelton* v. *Cocke*, 3 Mumf. R. 191; *Yands* v. *Lefavour*, 2 Blackf. R. 371; *Hockley* v. *Patrick*, 3 John. R. 536; *Walden* v. *Sherburne*, 15 ibid. 409; *Bisbain* v. *Boyd*, 4 Paige's Chy. R. 17; *Hopkins* v. *Banks*, 7 Cow. R. 650; *Owings* v. *Low*, 5 Gill & John. R. 134; *Lambeth* v. *Vawter*, 6 Robinson's R. 721; *Brewster* v. *Hardeman*, Dudley's (Geo.) R. 138; *Chordon* v. *Olipla*, 2 S. C. Const. R. 685; *Bradley* v. *Hill*, 1 Missouri R. 315. See also, 1 Greeenleaf's Ev., sec. 112, and note 5.

*Judgment affirmed.*