## LAWSON A. WINSLOW *et al.*
### *v.*
## THOMAS NEWLAN *et al.*

1. DISMISSAL OF SUIT — *rights of co-plaintiff.* One of two plaintiffs has no right to dismiss a suit, against the objections of the other, unless he can satisfy the court that the latter has no interest in the claim, or that he is liable to be injured by its further prosecution, and even then he has no such right if his co-plaintiff shall indemnify him against loss.

2. SAME — *defendants have no right to complain.* The refusal of the court to dismiss a suit at the instance of a co-plaintiff, cannot be assigned as error by the defendants.

3. EXCEPTIONS. This court will not review the rulings of the court below in admitting evidence, unless exceptions were taken and preserved in the record.

4. TORTS — *parties — judgments.* In actions for torts, it is a rule of practice coeval with our jurisprudence, that a plaintiff may recover against as many, and only such defendants, as he proves to be guilty. If sued in the same action, they cannot be charged in the declaration otherwise than jointly.

5. DEPOSITIONS — *objections.* It is too late to raise objections to depositions in matters of mere form, on the trial. To permit such a practice, would be to entrap the party offering them.

6. If formal objections exist to depositions they should be taken and settled on exceptions before the trial, so that, if they are sustained, the party in whose favor they were taken may otherwise procure the evidence of the witness on the trial, or retake his deposition.

10 — 45TH ILL.

7. Objection to the sufficiency of a notice to take a deposition comes too late if made at the trial.

8. Objections to the substance or pertinency of evidence taken by depositions can only be taken on the trial.

9. PARTNERS — *declarations of — how far taken as against copartner.* The statements of one of several partners, whether written or verbal, made after a dissolution of the firm, although relating to its business before the dissolution, are incompetent to charge the other members of the firm.

10. PARTIES — *statements of one — how far taken as against others.* The admissions of one of several plaintiffs or defendants are governed by the same rules that apply to the statements of one of several partners.

11. VALUE — *of property — how ascertained.* The value of property may be ascertained by a variety of modes, and a party is not limited to any one, to the exclusion of others.

12. EVIDENCE — *admission of letters.* It would be a violation of all rules of evidence to permit a party to read letters to a jury which he had received from persons residing in other States.

13. SAME — *materiality of — witnesses — error.* Before a party can assign error on the refusal of the court below to allow a witness to testify, he should state to that court what he proposed to prove by him, so that the court can determine whether the evidence is material. And these facts must appear in the record, and exceptions must have been taken.

14. WITNESSES — *how contradicted.* In order to contradict a witness a proper foundation must be laid. It is but fair to a witness, and the rule requires, that his attention should be distinctly called to the particular statement he is alleged to have made, with the particulars of time, place and circumstances, that he may have an opportunity of correcting any mistake he may have made, before he is impeached.

15. The law will not permit a man to be proved to have been guilty of perjury, and his character blackened and destroyed, until it appears that the statement was deliberately and intentionally made. Such consequences should not follow a want of recollection, misapprehension or even inattention.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

This was an action on the case, brought by Thomas Newlan and James Hennessy, the appellees, against Lawson A. Winslow and Stephen C. Gillett, the appellants, for deceit, in the Court of Common Pleas of the city of Aurora. On the trial in the court below, the jury found for the plaintiffs, and assessed their damages at $2,284. A motion for a new trial being over-

ruled, a judgment was rendered upon the verdict.   The defendants appealed to this Court.

The facts upon which the opinion is based are sufficiently stated therein.

Messrs. WAGNER & CANFIELD, for the appellants.

Mr. C. J. METZNER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Hennessy, one of the plaintiffs, entered a motion to dismiss the suit, but the other plaintiff resisted the application, and the motion was overruled.   It may be asked, how appellants can assign this for error.   They did not enter the motion, and it only was a decision against one of the plaintiffs.   If they by collusion procured Hennessy to enter the motion, then it was a fraud upon Newlan, that the court would not aid in consummating.   Again, it may well be doubted whether one of several joint plaintiffs has the power, against the objections of the other, to dismiss a suit, unless he can satisfy the court that the latter has no interest in the claim, or that he is liable to be injured by its further prosecution, and even then he has no such right if his co-plaintiff shall indemnify him against loss.   In such a case, the motion is at most without authority, unless it be where husband and wife sue jointly, and when resisted a necessity must be shown for it, or the motion will not be allowed.   There was no error in refusing to dismiss the suit in this case, as proper indemnity was given.

The record in this case is voluminous, and several errors are assigned and urged upon the hearing, which are not presented by the abstract filed.   Of this character is the objection to Buck's evidence on the ground of interest.   But we have looked into the record and find that sufficient releases were executed by the parties to render him competent.   But if this were not so, it fails to appear that any exception was taken and

preserved, to its admission. In the absence of such an exception, we cannot be asked to review the decision of the court below.

The exception taken, to what Buck said Jackman & Allen assigned as the reason for not paying the money claimed to be due for a machine they had bought, was immaterial. We do not see that it could have influenced the jury in finding their verdict. Again, if it was represented, as alleged, that the money was due, and would be paid when called for, and payment was not thus made, it was proper for the jury to know whether it was from inability or other cause, and whether other reasons were assigned for not paying. If appellants feared that it might mislead, they should have asked a properly prepared instruction.

It is insisted that the court erred in refusing to exclude Buck's testimony from the jury, on the grounds of his interest, and because appellees had declared for a joint fraud by appellants, and that from the evidence, if a fraud was committed, it was by but one of appellees. We have seen that Buck was not disqualified by interest. Again, this is an action for tort, and it is a rule of practice coeval with our system of jurisprudence, that a plaintiff may recover against as many, and only such, defendants as he proves to be guilty, in this form of action. If sued in the same action they could not be charged in the declaration otherwise than jointly. It would therefore have been error for the court to have excluded this evidence. It would have been proper to instruct the jury that if one of the appellees did not participate in the fraud, they should find for him. There is no force in this objection.

Under the uniform and repeated decisions of this court, it is too late to object to mere matters of form to depositions on the trial. To permit such a practice would be to entrap the party offering them. If formal objections exist they should be taken and settled on exceptions before the trial, so that if they are sustained, the party in whose favor they are taken, may otherwise procure the evidence of the witness on the trial, or retake his deposition. The objection to Jackman's deposition, as to

the sufficiency of the notice, came too late on the trial. Objections to the substance or pertinency of the evidence could only be taken at that stage of the case.

In the case of *Miller* v. *Neimerick*, 19 Ill. 172, this court held, that the statements, whether written or verbal, of one of several partners, made after a dissolution of the firm, although relating to its business before the dissolution, are incompetent to charge the other members of the firm. After a dissolution each member of the prior firm ceases to be an agent for the others, and is powerless to contract a debt, or create a liability binding on the firm, and hence cannot bind it by admissions. Nor do we see any distinction or reason for a different rule, when the admissions sought to be used are made by either a plaintiff or defendant. In either case the reason is the same. A co-plaintiff, after a dissolution of a partnership, is no more an agent of his co-plaintiff, than is such a defendant of the other members of the dissolved copartnership. The reason why one partner may bind the firm in the usual course of business is, that he is the agent of the other partners, within the scope of its business. Hence, the admissions of Hennessy, after the dissolution of the copartnership, did not bind Newlan, and they were properly rejected, under the authority of *Miller* v. *Neimerick, supra.*

It is objected, that the court below erred in permitting Stolp to testify as to the value of the tools, materials or machinery, at the time of the sale by appellants to appellees. We perceive no objection to this evidence. If fraud was established, then the question to be settled was the amount of the damages sustained, and there can be no doubt that it was the difference in the worth of the property as represented and its real value. By ascertaining the value of a portion of the property, the jury might be enabled to determine whether the estimated value of other property was correct. In ascertaining the value of property, it may be proved in a variety of modes, and a party is not limited to any one to the exclusion of others. We regard this evidence as proper, because it tended to prove the issue which the jury were trying.

It is again insisted, that the court erred in not permitting appellants to read letters, received by them from parties residing in other States. In this the ruling of the court was correct. They were not under oath, and were made *ex parte*, and without the opportunity of cross-examination by appellees. They were but the mere statements of those who wrote them, and were, according to all the rules of evidence, inadmissible. If appellants desired to avail themselves of the testimony of those persons, they should have taken their depositions, or procured their attendance as witnesses.

It is also insisted, that the court below erred in refusing to permit Hennessy to testify when called as a witness by defendants below. We are referred to the case of *Bell* v. *Thompson*, 34 Ill. 529, in support of the proposition. In this case it does not appear what appellants expected to prove by the witness. It is not stated in the record, and we cannot judicially know, that he would have testified to any fact that would have been beneficial to them. When they proposed to examine him, they should have stated what they could prove by him, so that the court could have determined whether it would have been material to their defense. When a party brings a case to this court, and asks a reversal, it devolves upon him to show that error has been committed, to his injury, by the court trying the cause. And he does not show such an error by simply showing that he called a witness that the court would not permit him to examine, unless it appears what it was expected the witness would prove. The question does not, therefore, arise whether Hennessy was, under the rule in the case of *Bell* v. *Thompson*, a competent witness. In this there was no error.

After a careful examination of the numerous and lengthy instructions given for each party, while a portion of them may not be strictly accurate, we belive they present the law of the case as favorably as appellants were entitled to have it given to the jury. And by a part of them it is more so than they had a right to demand. Nor do we see that those given for appellees stated the law unfairly, or contain any error of which

appellants have a right to complain. The principles of those asked by appellants, which were refused, and which may have been applicable to the case, were embodied and given in others. Upon the whole instructions as given, the case was fairly presented to the jury, and we discover no error arising upon them.

It is also insisted, that the court below erred in not permitting appellees to contradict the witness Buck, as to what he had stated on a former trial. We, upon examining the record, do not find that any foundation was laid for the purpose. It does not appear that he was asked what he then said, or whether he did not state the facts as they proposed to prove he had stated on the former trial. Under the rules of evidence, this was necessary before he could be contradicted. It is but fair to a witness, that his attention should be distinctly called to the particular statement he is alleged to have made, with the particulars of time, place and circumstances, that he may have an opportunity of correcting any mistake he may have made before he is impeached. The law will not permit a man to be proved to have committed perjury and leave his character blackened and destroyed, until it appears the statement was deliberately and intentionally made. Such consequences should not follow a want of recollection, misapprehension or even inattention. That such a foundation for an impeachment of a witness must be laid, is a rule of such uniform and constant application that reference to authority is wholly unnecessary for its support.

It is urged, that the court acted improperly and committed an error in giving oral instructions to the jury after they retired to consider of their verdict. It does not appear, that any such instructions were given. Upon the jury coming into court and announcing that they were unable to agree, the court informed them of the necessity and importance of their agreeing upon a verdict, and, unnecessarily perhaps, explained the reasons that induced him to refuse to permit them to be discharged, and one of the jurymen inquired as to his duty in reference to concurring with his fellows, when the court distinctly

informed him that he should not agree to a verdict unless he conscientiously believed it to be right. So far from interfering to induce this juror to concur, the court distinctly informed him that he ought not, unless he believed the verdict was proper and right.

In this entire record we discover no error for which the judgment should be reversed, and it must therefore be affirmed.

*Judgment affirmed.*