ANN E. ARNOLD and THOMAS J. THURSTON, Copartners, *vs.* NATHANIEL S. GREENE.

One of two copartner plaintiffs will not be permitted to discontinue an action in collusion with the defendant, or to his co-plaintiff's injury.

One of two copartner mortgagors cannot, without the concurrence of the other, authorize the mortgagee to vary the terms of sale prescribed by the mortgage.

EXCEPTIONS to the Court of Common Pleas.

The plaintiffs, copartners under the name of A. E. Arnold & Co., mortgaged certain property to the defendant, who, after condition broken, sold under the mortgage, but did not require cash payment from the purchaser. Nothing in the mortgage authorized a sale upon credit, but credit was given with the consent of Thurston. Greene was obliged to bring suit to recover the purchase-money, and, in his account with the mortgagors, charged them with his expenses. The present action was brought in the Court

of Common Pleas to recover the amount due from Greene, the mortgagee, to the plaintiffs, the mortgagors. After it was entered, the plaintiff Thurston filed a written agreement of discontinuance. The court refused to recognize this agreement, and, jury trial being waived, gave the plaintiffs judgment for $144.90 and costs.

The defendant excepted to the rulings of the Court of Common Pleas, and the exceptions were heard in this court.

*July* 10, 1886. PER CURIAM. The first question in logical order is, whether the written discontinuance filed by the plaintiff Thurston was effectual to take the case out of court. Although where partners are plaintiffs, and the obligation sought to be enforced is to the partnership, the right of one plaintiff to discontinue the action against the will of his co-plaintiff is generally conceded, he will not be permitted so to discontinue the action when shown to be acting in fraud or collusion with the debtor, or when it appears that the remaining plaintiff will suffer injury. *Noonan et al.* v. *Orton*, 31 Wisc. 265, 274–276; *Loring* v. *Brackett*, 3 Pick. 403; *Winslow* v. *Newlan*, 45 Ill. 145; *Holkirk* v. *Holkirk*, 4 Madd. 50. In such circumstances, the most which the plaintiff desiring to discontinue can require is indemnity from his co-plaintiff in case judgment should go for the defendant. *Winslow* v. *Newlan*, 45 Ill. 145.

We do not think that a new trial should be granted. The only ground upon which a new trial could be granted is, that it was competent for the plaintiff Thurston, as a copartner, to authorize a sale under the mortgage upon credit. We do not think it was competent for him to do this. The mortgage contained a power of sale which expressly provided the terms upon which the sale was to be made, and it did not authorize a sale upon credit. This mortgage was the act of both partners. When the mortgagee took possession under his mortgage, the mortgaged property ceased to be stock in trade. We think the mortgagee was bound, in exercising the power of sale, to pursue the terms of it, and that neither partner could release him from his obligation under the power without the concurrence of the other; and therefore, if he sold upon credit by permission of one copartner only, he gave

· credit on his own risk, and is not entitled to charge the mortgagors with the expenses which resulted from giving it.

*Exceptions overruled.*

*William B. Beach,* for plaintiff Arnold.

*Benjamin M. Bosworth,* for defendant.