99    233
113    32

## Thomas Wilson v. George E. Whitten, Adm'r.

1. ADMISSIONS—*Of a Partner After the Dissolution of the Partnership—Evidence.*—The admissions of a partner after the dissolution of the partnership, relative to partnership transactions, arising prior to the dissolution, are inadmissible as to members of the partnership, other than the one making them.

**Claim in Probate.**—Appeal from the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901. Rehearing denied November 20, 1901.

LANE & COOPER, attorneys for appellant.

ZINK, JETT & KINDER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court. Appellant filed his claim in the Probate Court for $100 against the estate of W. T. Pritchett, deceased, and the case having been appealed to the Circuit Court a trial by jury ended by the court directing a verdict against appellant, to reverse which he brings this appeal, and for error to reverse the judgment, argues such action of the court in so directing a verdict, and also in the rejection of evidence tendered by him.

Lewis Trexler and the deceased had been partners in business as Pritchett & Trexler, and after Pritchett died the assets of the firm fell to Trexler for the purpose of settling the partnership business. It was claimed on the trial that Irwin & Co. had been creditors of the firm, and having sought payment of Trexler, the surviving partner, he at such time not having the funds in hand, borrowed $100 of the appellant, paid it to the agent of Irwin & Co., executed

a note to appellant for the amount and signed it in the names of Pritchett & Trexler, by himself as surviving partner. One witness, McFarland, testified that he was present when the money was borrowed and paid to the agent of Irwin & Co., and applied upon the latter's claim, but he did not assume to state concerning the indebtedness due from the partners to Irwin & Co., further than was admitted by Trexler. Appellant offered to testify to the same facts, and to what Trexler said to him regarding the indebtedness due to Irwin & Co., but the court sustained appellee's objection and rejected the testimony, to which appellant excepted, and a similar ruling occurred upon the offer of a written statement of Trexler, tending to prove the indebtedness. We are referred by counsel for appellant to the written and sworn petition to the County Court by appellee, as set forth in the abstract, as containing evidence of the latter's admission of the debt due to Irwin & Co., but upon examination we do not discover such admission. The evidence discloses the fact that Trexler, as surviving partner, paid to appellee $1,800 as the estate's share of the partnership assets, and at the time the claim was filed for probate Trexler was insolvent. The court directed a verdict against appellant and after overruling a motion for a new trial gave judgment against him in bar of the action and for costs.

The question chiefly argued by counsel is whether a surviving partner, under the circumstances here claimed to exist, can borrow money and separately bind the estate of his deceased partner for its payment. We think such question can not properly arise for our decision unless the evidence first establishes a just claim against the estate upon which the money borrowed was applied. No proper evidence was introduced or offered to prove the liability of the firm to Irwin & Co. The present suit is separate against the representatives of one partner, and it has been held and we think is the well settled law that the admissions, whether verbal or written, of one partner made after the dissolution of the partnership, relative to partnership transactions, arising prior to the dissolution, are inadmissible as

to members of the firm, other than the one making them. Miller v. Neimerick, 19 Ill. 172; Winslow v. Newlan, 45 Ill. 145.

If follows, therefore, that the court properly rejected the offered evidence, and did not err in directing the verdict, and it is unnecessary that we should express any opinion concerning the other questions argued.

The judgment of the Circuit Court will be affirmed.