## Peoria Scrap Iron Company v. A. Cohen & Sons.

### Gen. No. 4,293.

1. ADMISSIONS—*what not competent by way of.* Statements of one of several copartners made after the dissolution of the copartnership and relating to partnership transactions arising prior to the dissolution, are not competent to charge the other members of the firm.

2. PLAINTIFFS—*who are the proper, in an action at law.* The original owners of a claim for money are, notwithstanding its assignment, the proper plaintiffs in an action thereon instituted in a court of law.

*Action of assumpsit.* Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed March 14, 1904.

JOSEPH A. WEIL, for appellant.

COVEY & COVEY, for appellees.

MR. JUSTICE FARMER delivered the opinion of the court.

In March and April, 1901, appellant and appellees were each dealers in scrap iron, the former at Peoria, Illinois, and the latter at Kansas City, Missouri. During that time appellant contracted with appellees to sell and deliver to them at East St. Louis, Illinois, a quantity of scrap iron, denominated " heavy melting steel," at the price of $14.20 per ton. Six carloads of the material were shipped under this agreement, but there is no controversy as to two of them being in .accordance with the agreement between the parties. Appellees claim that four carloads, in all, eighty-seven tons, were not heavy melting steel, but consisted of burnt malleable iron, annealing pots, sheet iron, smoke stacks, uncut boilers and flues, and were worth a great deal less than the character of material contracted for. When shipments were made, appellant drew on appellees with bill of lading attached, and these drafts were paid, appellees claim, before they had seen or knew the character of material shipped. Appellees testified that at the time of the con-

Peoria Scrap Iron Co. v. A. Cohen & Sons.

tract with appellant for the material, they resold it to the National Enameling and Stamping Company at Granite City, Illinois, for $15.40 per ton.    This company refused to accept the four cars, because the material was not of the quality contracted for and so notified appellees, who thereupon wired appellant that they were advised the cars did not contain the quality of iron purchased from it, and inquired what disposition should be made of them, and also wrote appellant to the same effect and invited it to send some one to Granite City to see the material before it was unloaded from the cars.    This appellant refused to do and appellees notified appellant that unless they heard from it by return mail, they would sell the material to the highest bidder and charge appellant with the loss.    Appellant refusing to give the matter any attention, appellees disposed of the material and sued appellant for the damages they claimed to have sustained on account of the breach of the contract.    There have been two trials of the case, the first one with a jury, resulting in a verdict for plaintiff for $34.80 which was set aside, and a second trial being had before the court without a jury, resulting in a judgment for plaintiff for $500, from which this appeal is prosecuted.

We think the evidence of a number of disinterested witnesses who saw and examined the contents of the four cars on their arrival at Granite City is conclusive that they were not loaded with melting steel, but with burnt malleable iron, annealing pots, sheet iron, smoke stacks, etc. Even if it were true that appellant's evidence established that the cars were loaded for shipment with heavy melting steel, which to say the least may well be questioned, its contract was to deliver the material at East St. Louis. Granite City is practically a part of East St. Louis, and the evidence abundantly establishes that on their arrival there the cars were not loaded with the material appellant had contracted to deliver.    Appellant's counsel argue that appellees "either changed the material in these cars before they reached the National Enameling and Stamping Co.'s yards, or in some way mixed these cars for a fraudulent

purpose." There is no proof whatever to sustain this assertion, and in the absence of proof we would not be justified in assuming the truth of the statement.

The declaration in this case was filed December 18, 1901, and was in the name of A. Cohen, M. Cohen, and H. Cohen, copartners, doing business under the firm name and style of A. Cohen & Sons, plaintiffs. It appears from the evidence that on December 26, 1901, and before the first trial, this copartnership was dissolved, and by the terms of the dissolution the claim against appellant became the property of M. Cohen. H. Cohen's deposition was taken before the first trial and was read in evidence on the second trial. During the progress of one of the trials, which one does not clearly appear, he appeared in Peoria and had certain conversations with officers or representatives of appellant concerning the subject of the litigation, and put in appellant's possession certain memoranda or statements. What he said in these conversations was believed to be against the interest of plaintiffs, and defendant offered to prove them on the trial. The court admitted a part of these statements and refused to admit other portions. The statement of H. Cohen, offered to be proved, but denied by the court, and about which counsel complains most, was to the effect that the iron delivered was worth at the time the full amount of the contract price, and that one Rubenstein had offered more than that for it. We are of opinion that none of the statements or admissions made by H. Cohen were competent. These statements or admissions were made after the dissolution of the partnership, and the law is, that statements of one of several copartners made after dissolution of the partnership and relating to partnership transactions arising prior to the dissolution, are not competent to charge the other members of the firm. Miller v. Neimrick, et al., 19 Ill. 172; Winslow v. Newton, 45 Ill. 145; Wilson v. Whitten, 99 Ill. App. 233. The only error committed by the court in this respect was in admitting proof of any of the statements of H. Cohen, and in holding propositions of law that such statements were compe-

tent.    This error, however, was in appellant's favor, in no wise prejudiced it, and it therefore cannot complain.

There is in the bill of exceptions what purports to be an affidavit in support of a motion for a continuance.    We fail to find any motion for a continuance or any ruling of the court thereon, but as portions of the affidavit were read on the trial, we presume such motion was made, and overruled. The affidavit states that one Rubenstein, an absent witness, if present would testify that he had inspected the material in controversy; that it was heavy melting steel and that he had offered appellee $15.50 per ton for it, and that he had so testified on the former trial.    The court admitted that part of the affidavit stating that Rubenstein would testify he had personally inspected the material in controversy at the works of the National Enameling and Stamping Co., at Granite City, Illinois, and knew it to be heavy melting steel, but excluded the statement of the price he had offered for it.    As we have before stated, the evidence abundantly shows that the four cars in controversy were not heavy melting steel, and if the witness' offer was for that kind of material, then it is evident he did not see these four cars, but must have seen one or both of the two cars about which there is no controversy.    The offer of the witness of $15.50 per ton, for the material, could only be competent as tending to show the market value at the time and place of delivery, and we are of opinion if the court had admitted the statement of this offer as contained in the affidavit, still the facts could not have been found differently.

It is insisted that if plaintiff's firm was dissolved after commencing the suit and filing the declaration, it was improper to permit the suit to proceed in the names of all the former members of the partnership.    The cause of action accrued to plaintiff, as described in the declaration, and even if the dissolution of the partnership had occurred before the suit was begun, still the account not being assignable at law it would have been proper to bring the action in the name of the partners to whom it accrued.

The proof showed the material actually delivered to ap-

pellees at Granite City by appellant, to be worth from $6.50 to $7 per ton, while the amount paid for it by appellees was $14.40 per ton, and the amount for which they had contracted it to the National Enameling and Stamping Co. was $15.40 per ton. The measure of damages if plaintiff was entitled to recover was the difference between the market price of the material actually received at the time and place of delivery and the market price of the material if it had been of the character agreed to be delivered. The judgment of $500 was well within these limits.

Some other minor questions have been assigned as error and discussed in appellant's brief. We have examined them all, but do not believe their importance requires a discussion of them in detail. It is sufficient to say that we find no reversible error in this record, and the judgment is therefore affirmed.

*Affirmed.*