## John Chwala v. Margaret Herbert.
### Gen. No. 13,598.

1.  TRIAL—*power of trial court to postpone.*  The conduct of trials, as to permitting delay, is left to the sound discretion of the trial court, and unless an abuse of discretion appears, the action of the trial court in refusing to postpone the examination of a witness will not constitute ground for reversal.

2.  TRIAL—*when action of court in refusing to postpone, not subject to review.*  The action of the trial court in denying leave to postpone the examination of a witness is not subject to review where it does not appear what the party seeking to call such witness expected to prove by him.

Action in case for personal injuries.  Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1907.  Affirmed.  Opinion filed January 14, 1908.

FREDERICK K. WARNE, for appellant; JOSIAH BURN-HAM, of counsel.

LEE, LEE & SCHUCHARDT, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action on the case to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the driver of a delivery wagon of the defendant, plaintiff had a judgment for $350, and the defendant appealed.

Plaintiff, then nine years of age, started to cross Garfield avenue from a point a few feet west of the northwest corner of Clark street and Garfield avenue. The delivery wagon of the defendant, coming from the north on the west side of Clark street, turned west into Garfield avenue and struck plaintiff, inflicting the injuries complained of.

During the trial it was agreed by counsel that the plaintiff might call a doctor the next morning. Defendant examined all his witnesses who were present and so stated to the court, and asked to be permitted to call another witness next morning. The court announced that each party might examine a doctor the next morning. Defendant's counsel, at the conclusion of the examination of a witness, announced that he had no other witness present, and asked to be permitted to examine a witness, not then present, the next morning. The court ruled that each party might the next morning examine one doctor, and that no further testimony, other than that of said doctors, would be heard, to which ruling the defendant excepted, and neither party then offering any further evidence, the court adjourned for the day.

The conduct of trials as to permitting delay must necessarily be left to the sound discretion of trial courts. Brewer v. N. U. Bldg. Ass'n, 166 Ill. 221. We cannot say there was an abuse of that discretion in

ruling that defendant should not be permitted to examine the next morning a witness who should have been present, and if present might then have been examined.

There was no statement as to what the defendant expected to prove by the witness whom he wished to examine the next morning, and this was necessary to save for review the ruling of the court refusing leave to then call such witness. Winslow v. Newlan, 45 Ill. 145; Brewer v. N. U. Bldg. Ass'n, *supra*.

We find no error in the refusal of the court to give the instructions asked by the defendant.

We think that, on the evidence in the record, the questions whether the defendant was guilty of the negligence alleged in the declaration, whether the plaintiff was injured thereby, and whether plaintiff was in the exercise of reasonable care for her own safety, were all questions on which the verdict of the jury must be held conclusive.

The judgment will be affirmed.

*Affirmed.*