Brant, J.
Thomas Cerretani (“Cerretani”) moved in with Cheryl Downey (“Downey”) at her home in Tyngsborough when their romance became serious. Cerretani later hired Marc Jarvis (“Jarvis”) to perform various landscaping services at the home he and Downey were sharing. Jarvis eventually commenced this action against Downey and Cerretani for breach of contract, and they filed a counterclaim against Jarvis for breach of contract.
A jury trial resulted in verdicts in favor of Downey and Cerretani on both Jarvis’ complaint and on their counterclaim, on which the jury awarded damages of $34,000.00. After calculating statutory costs and interest, the trial court entered judgment for Downey and Cerretani in the amount of $40,344.44. One month after entry of judgment, Jarvis paid the judgment in full by sending a cashier’s check payable to Downey to her residence by certified mail. Downey cashed the check.
By the time Jarvis paid the judgment to Downey, her romance with Cerretani had cooled and Downey did not share the proceeds of the judgment with him. The two are now engaged in litigation in the Superior Court Department involving a division of their joint assets. In an apparent effort to obtain his share of the judgment proceeds immediately, Cerretani filed a motion with the trial judge in this case to “enforce the judgment” by issuing an amended execution. In essence, Cerretani sought a ruling compelling Jarvis to make a second full payment of the judgment by issuing a new check payable to both Cerretani and Downey. Cerretani’s motion was denied, and he filed this appeal.
The simple answer to Cerretani’s contentions on this appeal is that because Jarvis paid the judgment in full, the trial judge properly declined to take further action. Payment to one coplaintiff satisfies a judgment. 2 A.C. Freeman, Judgments §1112, at 2314-2315 (5th ed. 1925) (“If there is more than one plaintiff, a payment to either will discharge the entire judgment”); 2 H.C. Black, Judgments §986, at 1457 (2d ed. 1902) (“In case there are several plaintiffs in the judgment, payment *88 may be made to either, with the effect of discharging the whole obligation.”).[3] Downey’s action in accepting full payment of the amount of the judgment bound Cerretani in the absence of fraud, which is not alleged here. See Arnold v. Greene, 15 R.I. 348, 349 (1886). ‘The defendant had nothing to do with the alleged hostility of the plaintiffs toward each other. He owed no greater duty to one than the other, and the delivery to either was a delivery to both. As they were coplaintiffs, equally interested in the judgment..., each was the agent of the other....” Leve v. Frazier, 42 Or. 141, 144 (1902). Cerretani can pursue a claim against Downey in the existing superior court case, or elsewhere, for his share of the proceeds of their counterclaim against Jarvis. Jarvis, having paid the judgment on that counterclaim in full, has no further legal obligations to Cerretani.
Affirmed. Appeal dismissed.
So ordered.

 Given Jarvis’ satisfaction of the judgment, the trial court correctly denied Cerretani’s motion to issue an amended execution. “As writs of execution exist only for the purpose of enforcing judgments, it is evident that, whenever a judgment is by any means satisfied, the writ which issued for its enforcement must also be treated as satisfied.... The first question in regard to payment made by or for the defendant is: To whom may the payment be made? The answer is that it may be to the plaintiff, or to one of several plaintiffs, or to the officer holding the writ, or to the plaintiff’s attorney....” 3 A.C. Freeman, Executions §442, at 2368 (3d ed. 1900).