## JOHN C. DAVIS *et al.*

*v.*

## CHARLES M. TAYLOR.

41   405
121   257
41   405
39a   22
41   405
153   512
41   405
47a   328
41      405
92a  ⁷398
41      405
191   ⁷  71
97a  ⁷417
41      405
202  ⁷555
41      405
109a  ⁷659

1. TROVER — *may lie for a house.* Where a house, as between the parties, was personal property, trover will lie for its wrongful conversion. As, where it was so erected as to be personalty, or where the defendant is estopped by his own acts from denying that it is such.

2. PRESUMPTIONS — *from the want of a bill of exceptions.* Where a declaration in trover alleges the property converted to have been personalty, and there was a verdict and judgment for plaintiff, and no bill of exceptions, *held,* that, in support of the verdict, the Supreme Court must presume the proof showed it was personalty.

3. HUSBAND AND WIFE — *jointly liable for tort.* A wife is liable jointly with her husband for a tort. Hence trover lies against both for a joint conversion. And this was the old rule at common law.

4. MISNOMER — *waived by pleading general issue.* Where the defendant pleads the general issue in the right name, describing herself in the plea as sued by another name, she cannot raise the question of misnomer after verdict.

5. So, where the summons and declaration were against Mrs. John C. Davis, who pleaded the general issue under the name of Christina Davis, describing herself as sued by the former name, she was not allowed after verdict to assign misnomer for error.

6. Under such circumstances it was clearly proper to render judgment against said defendant under the name by which she had been brought into court, and described in the declaration.

7. JUDGMENT AGAINST — *a part of several defendants — tort and assumpsit.* The rule in assumpsit that final judgment against part of the defendants without disposing of the case as to the others, is error, has no applications to actions of tort, there being no contribution among wrong-doers. Hence, a judgment in trover against part of the defendants, amounts to a dismissal, as to the residue, and is not error.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of trover brought by Charles M. Taylor against the plaintiffs in error. A trial by jury at the September Term, 1865, resulted in a judgment for the plaintiff for six hundred and fifty dollars and costs. The defendants below now prosecute this writ of error. The declaration alleged the conver-

sion of a dwelling-house, the property of the plaintiff, by the defendants, to their own use. There was no bill of exceptions.

Messrs. D. C. & I. J. NICHOLES, for the plaintiffs in error.

1. Trover will only lie for a personal chattel, and not for fixtures or injuries to real estate. 2 Greenl. Ev. 522, § 635; 1 Cowan's Treatise, 291; Bacon's Abridgment, Trover, B.; *Buffey* v. *Henderson*, 8 Eng. L. & E. 305; *Smith* v. *Benson*, 1 Hill (N. Y.) 176; *Overton* v. *Williston*, 31 Penn. State, 155. And a building is *prima facie* real estate. *Chatterton* v. *Saul*, 16 Ill. 150; 2 Sand. Pl. & Ev. 880.

2. Defendants could not have been found guilty with proof of a joint conversion by all. 2 Sand. Pl. & Ev. 885; *Nicholl* v. *Glenn*, 1 M. & S. 588.

3. For a joint conversion by husband and wife, the husband alone is liable, and it is error to join the wife. Com. Dig., Trover, Y.; 2 Kent Com. 149; Reeves' Dom. Rel. 72.

4. It was error to render a judgment below without disposing of all the defendants. *Warren* v. *Lewis*, 1 Ben Monroe, 100; *Dennison* v. *Lewis*, 6 How. (Miss.) 517; *Hutchinson* v. *Sinnis*, 7 Humph. 236; *Dow* v. *Rattle*, 12 Ill. 373. Also, *Barbour* v. *White et al.*, 37 Ill. 164.

Messrs. WARD and STANFORD, for the defendant in error.

1. Trover will lie for a house, where it is averred and proved to be personal property. *Smith* v. *Benson*, 1 Hill, 178; *Jewett* v. *Partridge*, 3 Fairf. (12 Maine) 243; *Osgood* v. *Howard*, 6 Green (6 Maine), 452; *Dame* v. *Dame*, 38 N. H. 429; *Chatterton* v. *Saul*, 16 Ill. 151.

2. It is objected that the declaration and judgment are against husband and wife for joint trover and conversion. But it does not appear from the record, the appellation of husband and wife is never once used. Still, after verdict, this is good. 1 Chitty Pl. 92; 3 B. & Ald. 685.

3. Misnomer must be pleaded in abatement. By appearing, the defendant admits himself to be the person sued, and the

variance is immaterial. *Jackson* v. *Crane*, 1 Cow. 38; Tidd's Practice, 402; 1 Chitty Pl. 246; *Hammond* v. *People*, 32 Ill. 447; *Frink* v. *Schroyer*, 18 id. 416.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trover brought by Taylor against John C. Davis, Mrs. John C. Davis, Sarah B. Young, and others, to recover the value of a frame house, described in the declaration as goods and chattels. The general issue was pleaded by all the defendants except Sarah B. Young, and the plaintiff recovered a verdict and judgment. There is no bill of exceptions in the record, and the case therefore presents no questions except such as arise on the summons, pleadings and judgment.

It is first urged that trover will not lie for a house. Whether it will lie or not, depends upon whether the house, at the time of bringing the suit, and as between these parties, was personal property. A house may be so erected as to be strictly personal property, or the defendant may be estopped by his own acts from denying it to be so; as where, for example, he has improperly removed it from the land of the plaintiff, or where he has given a chattel mortgage on it as personal property. *Ogden* v. *Stock*, 34 Ill. 527; *Ballou* v. *Jones*, 38 id. 97. In such cases replevin or trover will lie in behalf of the rightful owner. In the present case the house was described in the declaration as personal property, and in the absence of a bill of exceptions, and in support of the verdict, we must presume the proof showed it to be such.

It is also objected, that trover will not lie against husband and wife, but the suit should be brought against the husband alone. This precise point was ruled by the Court of Kings Bench in *Keynuth* v. *Hill*, 3 Barn. & Ald. 685, on a motion in arrest of judgment. It was urged, that, as a married woman cannot acquire personal property in her own right, the conversion is the sole act of the husband, and must be so charged. But the court said the foundation of the action was not the acquisition of property by the defendants, but the deprivation of the plaintiff's property, and that the conversion might be

by an actual destruction of the property, or by taking it from its true owner and delivering it to a third person. It was further said, that the wife could be guilty of this species of conversion as well as the husband, since the latter would acquire no property thereby, and the rule for arresting the judgment was discharged. We are disposed to follow the authority of this decision, as trover, like trespass, is in reality based upon the defendant's tort, and in trespass the husband and wife may be jointly sued.

Mrs. John C. Davis pleaded the general issue by the name of Christina Davis, describing herself as sued by the name of Mrs. John C. Davis. Judgment went against her by the latter name, and this is now assigned for error. But it is not well assigned. If this was a misnomer, the question should have been raised by a plea in abatement. Having pleaded the general issue, and a verdict having been found against her, it was clearly proper to render judgment against her under the name by which she had been brought into court and described in the declaration. 2 Ch. Pl. 246; Tidd's Pr. 402. By appearing and pleading, the defendant admitted herself to be the person sued, and, not having pleaded in abatement, she cannot now raise this question.

It is also urged, that Sarah B. Young was served with process, and that no judgment was rendered against her. It was held, in *Dow* v. *Rattle*, 12 Ill. 373, which was an action of assumpsit, to be error to render final judgment against part of the defendants, without disposing of the case as to the others. On the authority of this case, the same thing was said in an action of replevin in the case of *Barbour* v. *White*, 37 Ill. 164. There were, however, other grounds for reversing the last named case, and, on further considering this point, we are of opinion, that the rule should not be applied to actions of tort. There is no reason for thus applying it, because there is no contribution among wrong-doers. Taking a judgment against a portion of the defendants amounts to a dismissal of the case as to the residue, and, in actions *ex delicto*, this may be done. If the mode of doing it is irregular, it is an irregularity which

works no prejudice to those defendants against whom the judgment is taken. They should not, therefore, be permitted to assign it for error.

We find no error in this record, and the judgment must be affirmed.

*Judgment affirmed.*