JAMES K. FISHER

*v.*

LILLIE G. COOK.

*Filed at Ottawa June 16, 1888.*

1. PLEA IN ABATEMENT—*time of filing.* Four terms after an amendment of the declaration in an action at law, by adding two new counts, the defendant, without withdrawing his plea of the general issue to the original declaration, and without leave of court, filed a plea in abatement, setting up the non-joinder of another party defendant, which was stricken from the files on plaintiff's motion: *Held,* that the plea was properly stricken from the files, for the reason it was not filed at the earliest practicable time.

2. PARTIES—*several liability of tort feasors.* In an action on the case to recover for a personal injury resulting from the negligent conduct of the defendant's servant in the management of an elevator, the defendant pleaded in abatement that the building and property mentioned in the declaration is not, and never was, the property nor in the possession of the defendant, but is, was, and always has been, the joint property of the defendant and another person named, who is still living; and also that the servant mentioned in the declaration is not, and never was, in the employ of the defendant, but is, and was at the time mentioned, etc., in the joint employ of the defendant and such other person: *Held,* that the plea presented an immaterial issue. If the two were liable, each was, and the action was maintainable against either wrongdoer.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CARROLL C. BOGGS, Judge, presiding.

Mr. W. C. ASAY, for the appellant:

The plaintiff having presented a new and different cause of action by amendment of the declaration, the defendant had the right to plead *de novo* to the amended declaration. *Nelson* v. *Akeson,* 1 Bradw. 169; *Sullivan* v. *Dee,* 8 id. 263; *McCarthy* v. *Neu,* 91 Ill. 127; *Railroad Co.* v. *Boggs,* 85 id. 82; *Mitchell* v. *Tarbutt,* 5 Durnf. & E. 649; *Sumner* v. *Tileson,* 4 Pick. 307; 1 Chitty's Pl. 95, 96, 100; *Horne* v. *Mandelbaum,* 13 Bradw. 607.

Mr. J. A. SLEEPER, for the appellee:

It is an elementary rule that dilatory pleas must be filed at the first opportunity.

If, as claimed, Archibald Fisher ought, in law, to have been joined as a party, the defendant knew that fact,—knew that Archibald was joint owner of the Beaurivage, and joint employer with him of the elevator boy there,—when he pleaded to the original declaration. He knew that the charge was that the plaintiff had been injured by neglect connected with the elevator. The law then required, if he would insist upon having Archibald joined, that he should then have pleaded the non-joinder, and then, before the Statute of Limitations had run against plaintiff's action as against Archibald, have given us a better writ,—have given her an opportunity to maintain her action against him and Archibald jointly. 1 Chitty's Pl. (6th Am. from 5th London ed.) 471, 489; *Holloway* v. *Freeman,* 22 Ill. 197; *Gilmore* v. *Nowland,* 26 id. 200; *Union Nat. Bank* v. *First Nat. Bank,* 90 id. 56; *Sibert* v. *Thorp,* 77 id. 43; *Buddle* v. *Wilson,* 6 T. R. 373.

The plea was entitled of September term, 1883, when the additional counts were entitled of April term, 1883, and the plea ought to have been entitled of the same term. 1 Chitty's Pl. 489.

Allowing four terms to elapse, after the additional counts were filed, before the plea in abatement was filed, without obtaining a general-special imparlance, amounted to a general imparlance, and precluded the filing of a plea in abatement. 1 Chitty's Pl. 471, 489; *Buddle* v. *Wilson,* 6 T. R. 373.

The plea was a sham, and frivolous, in that it does not appear from the additional counts that the cause of action arose out of the ownership of the land, but it did appear from those counts that the action arose out of the personal neglect and gross carelessness of the servants of the defendant. The plea contained no matter, fact or allegation tending to show that the action did not arise out of such personal neglect and care-

lessness, nor that it in any way arose out of the land or the ownership of the land, nor that Archibald Fisher ought to have been joined as a party defendant,—that is to say, that the plaintiff could not recover for the injury she had sustained, against one, without joining the other. *Sumner* v. *Tillotson,* 4 Pick. 307; Comyn's Dig. title "Abatement," 6; *Mitchell* v. *Tarbutt,* 5 T. R. 649.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in the circuit court of Cook county, by Lillie G. Cook, against James K. Fisher, and was to recover for personal injuries occasioned by the alleged negligent conduct of defendant's servant in the management of an elevator. On the trial in the circuit court, plaintiff recovered a judgment against defendant for the sum of $3000. That judgment was afterwards affirmed in the Appellate Court for the First District, and defendant brings the case to this court on his further appeal.

There was evidence tending to sustain plaintiff's cause of action, and as all controverted questions of fact have been settled by the findings as to them by the courts through which the cause has come to this court, no discussion in relation to the facts will be had in this court.

It is said in argument it was error in the trial court to strike defendant's plea in abatement from the files, as was done. It seems that to the original declaration defendant pleaded the general issue. Afterwards, at the April term, 1883, plaintiff, by leave of court, amended her declaration by adding two counts. No new rule was then laid on defendant to plead again to the declaration as amended, but so far as the record shows, the original plea of not guilty stood as to the amended declaration. At the September term, 1883, of the court, while the record was in this condition, and without withdrawing the plea of not guilty that had been filed, and without leave of court

obtained for that purpose, defendant filed a plea in abatement, in which it was averred, "the building and property mentioned in the declaration is not, and never was, the property nor in the possession of James K. Fisher, but is, was and always has been the joint property and in the joint possession of James K. Fisher and one Archibald Fisher, who is still living; and also that the servant mentioned in the declaration is not, and never was, in the employ of said James K. Fisher, but is and was, at the time mentioned in the said declaration, in the joint employ of said James K. Fisher and said Archibald Fisher." This plea was not sworn to by defendant, but by one George B. Fleisheim, who says he is the agent of defendant, who has been absent from this country, in Europe, for more than a year past, and now permanently resides there. On motion of plaintiff, the plea in abatement was by the court stricken from the files in the cause, to which decision defendant excepted. Thereupon, perhaps on the same day, defendant again filed a plea of not guilty, upon which the trial was had. There was no error in the action of the court in striking the plea in abatement from the files. In the first place, it was not filed in apt time. After the declaration was amended, four terms of court intervened before the plea was filed. Being a dilatory plea, it should have been filed at the earliest practicable time. That was not done. But if it had been, a satisfactory reason for the decision of the court is, that it presented an immaterial issue. The action was for a tort, and if two were liable then each was liable, and the action could properly be brought against either wrongdoer.

More instructions were given on behalf of defendant than the nature of the case required. Every principle of law that was thought to have any application to the facts, was fully stated in the numerous instructions given at the instance of defendant. But complaint is made that the court refused to give other charges asked. It is seen, on examination, that the substance of all the refused instructions that it was proper

to give to the jury, was contained in some of the instructions given for defendant, and the court was under no duty to repeat the same thing a second time.

No serious error is perceived in the action of the court in giving instructions for plaintiff, especially when they are considered in connection with the facts of the case to which they were applicable.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*