CLAUS VIETHS

V.

GEORGE J. B. SKINNER.

</div>

<div align="right">

| 47 | 325 |
|----|-----|
| 97 | 5417 |

</div>

*Personal Injuries—Street Contractors—Negligence of—Evidence.*

1. A street contractor having knowledge that persons passed along a street which he was engaged upon, and that the same was in a dangerous condition, is bound to erect guards at dangerous places, or display cautionary signals to give notice of the danger.

2. A stranger seeing people traveling upon a street in the night time, has a right to assume that the same is reasonably safe, and to go upon the same, but must use ordinary care.

3. The question whether a person was using ordinary care to avoid injury in passing along a street at the time and place of receiving a given injury is a question of fact to be determined by the jury.

4. It is proper in an action against persons under contract with a city to repair and improve one of its streets, to recover for a personal injury alleged to have occurred through their negligence, service of process having been had only on one of the defendants, to admit the contract in evidence, in order to show the control exercised by the contractors over the street in question, and their connection with the performance of the work being done, and such evidence is proper in a proceeding against the defendant served only.

5. In an action on the case to recover for a personal injury resulting from the negligence of several persons, the plaintiff may sue all or some of the parties jointly, or one of them separately, and when the declaration charges two or more, and one only is served with process, each being jointly and severally liable, it is not error to proceed to a judgment against one only, nor would the rule be different in actions *ex delicto*, if all the defendants had been served and judgment taken as to one only.

[Opinion filed March 3, 1893.]

APPEAL from the City Court of East St. Louis, Illinois; the Hon. B. H. CANBY, Judge, presiding.

Mr. F. G. COCKRELL, for appellant.

Messrs. MILLS & FLITCRAFT and MESSICK & RHOADS, for appellee.

MR. JUSTICE PHILLIPS. Appellant, and one George W. Allen, were contractors in the business of grading, paving and improving streets, and entered into a contract with the city of East St. Louis for the improvement of Collinsville avenue, in said city. They began their work, and erected along the sides of said street stone walls ten or twelve feet high and filled between the same with earth, stone and brick to about the level of said walls. In the performance of their work it became necessary, and they tore up the sidewalk along said street. On each side of said street the

stores were open and persons living on the street and others were in the habit of passing along the same. The plaintiff in passing along and upon said street slipped and stumbled upon some stones piled thereon and fell from the level of the street as made by the contractors to the natural level of the ground, about the distance of twelve feet, and received serious injury therefrom. No railing or guard was erected along said street, nor were any lights or signals placed as cautionary signals. And in the night time the plaintiff was so passing along said street and was a stranger in the city, and had not passed along the street where the injury occurred, but had seen it at a distance and had noticed that persons were traveling thereon. The contractor having knowledge of the fact that persons traveled along the street, and as shown by the evidence of the defendant he had that knowledge, owed the duty of having guards to prevent persons from falling over such dangerous places or cautionary signals to give notice of the danger. It can not be held that the plaintiff was guilty of contributory negligence in passing along said street, he being a stranger in the city and never having been over that portion of the avenue where he was injured prior to that time, but from a distance had seen people traveling it, and there being no danger signals or barriers to inform him of its dangerous condition, and it being dark, and he seeing persons traveling along the street, had a right to presume it was reasonably safe. Having no knowledge of its dangerous condition, he will be held to no more than ordinary care. The City of Aurora v. Hillman, 90 Ill. 61; City of Bloomington v. Chamberlain, 104 Ill. 268.

The question of whether he was using ordinary care to avoid injury in passing along the street at the time and place of receiving the injury, is a question of fact to be determined by the jury, and it can not be determined as a matter of law that he was guilty of negligence in going along said street without notice of its condition. The City of Sandwich v. Dolan, 133 Ill. 177.

The declaration was against George W. Allen and Claus

Vieths, but service of process was had only on Vieths, and it is urged that the court erred in admitting in evidence the contract between the city of East St. Louis and the contractors. We think this evidence was proper to show the control exercised by the contractors over the street and their connection with the performance of the work being done, and this evidence was proper in proceeding against Vieths only. The defendant insists that inasmuch as the declaration charged Allen and Vieths with negligence, and the contract in evidence is signed by Allen and Vieths, that there was a variance between the proofs and declaration; and it is urged that the court erred in refusing an instruction asked by the defendant to find for the defendant. In an action on the case to recover for a personal injury resulting from the negligence of several persons, the plaintiff may sue all or some of the parties jointly, or one of them separately. Fisher v. Cook, 23 Ill. App. 621; Fisher v. Cook, 125 Ill. 280.

And when the declaration charges two or more, and one only is served with process, each being jointly and severally liable, it is not error to proceed to a judgment against one only; nor would the rule be different in actions *ex delicto* if both parties had been served, and judgment taken as to only one. It was said in Davis et al. v. Taylor, 41 Ill. 405: "It was held in Dow v. Rattle, 12 Ill. 372, which was an action of assumpsit, to be error to render final judgment against part of the defendants without disposing of the case as to the others. On the authority of this case, the same thing was said in an action of replevin in the case of Barbour v. White, 37 Ill. 164. There were, however, other grounds for reversing the last named case, and on further considering this point we are of opinion that the rule should not be applied to actions of tort. There is no reason for thus applying it, because there is no contribution among wrong-doers. Taking a judgment against a portion of the defendants amounts to a dismissal of the case as to the residue, and in actions *ex delicto*, this may be done. If the mode of doing it is irregular it is an irregularity which works no prejudice to those defendants against whom the

judgment is taken. They should not therefore be permitted to assign it for error." We have carefully considered the questions raised on the instructions given, modified and refused and we are satisfied there was no error in giving, modifying and refusing instructions.

The evidence sustains the verdict and the judgment is affirmed.

*Judgment affirmed.*