## P. H. Bolton v. The People, etc., ex rel., etc.

95   285
97   417

1. MANDAMUS—*A Common Law Action.*—Mandamus is a common law action and the pleadings are governed by common law rules. The petitioner is bound, like a plaintiff in an ordinary action at law, to state a case *prima facie* good.

2. SAME—*The Petitioner Must Show a Clear Right to the Writ.*—In order to make a case which is *prima facie* good, the petition, which in our practice takes the place of the alternative writ, must show a clear right to have the thing done which is sought, and by the person or body sought to be coerced.

3. SAME—*Lies to Compel the President of a Village Board to Sign a Certificate of Election.*—A writ of mandamus will lie to compel the president of a village board to sign a certificate of the election of a party as treasurer of the village, after his bond as such treasurer has been filed as required by law and duly accepted and approved by the board of trustees of such village.

Mandamus, to compel the signing of a certificate of election. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 23, 1901.

Statement.—George T. Stebbings filed his petition in the Circuit Court, by which he prayed for a writ of mandamus to compel appellant, as president of the village board of the Village of Park Ridge, in Cook County, Illinois, to sign a certificate of the relator's election as treasurer of said village. The petition alleges, in substance, that relator was duly appointed and elected as such treasurer; that he had filed the bond required of him by law, and that the bond had been duly accepted and approved by the board of trustees of said village; that the clerk of the village had executed the usual commission, certifying that relator was duly appointed and elected the treasurer of said village, and had presented such certificate to appellant as president of said village for his signature; that appellant had refused to sign the same; and that relator is thereby prevented from entering upon and exercising the duties of his said office.

To this petition the appellant interposed a general demurrer. The Circuit Court overruled the demurrer and awarded the writ.

THORNTON & CHANCELLOR, attorneys for appellant.

CHARLES S. BOUTON and MELVILLE E. COLLINS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.
The only question presented upon this appeal is as to the

sufficiency of the petition upon general demurrer.  Mandamus is a common law action, and the pleadings are governed by common law rules.  The petitioner is bound, like a plaintiff in an ordinary action at law, to state a case *prima facie* good.  And in order to make a case which is *prima facie* good, the petition, which in our practice takes the place of the alternative writ, must show a clear right to have the thing done which is sought, and by the person or body sought to be coerced.  People v. Hatch, 33 Ill. 9; People v. Mayor, 51 Ill. 17; S. & I. S. Ry. Co. v. Clerk, 74 Ill. 27; Hall v. People, 57 Ill. 307; County v. People, 85 Ill. 396; People v. Lieb, Id. 484; People v. Trustees, 86 Ill. 613; People v. Davis, 93 Ill. 133; People v. Crotty, Id. 180; People v. Johnson, 100 Ill. 537; Trustees v. People, 121 Ill. 552; People v. Commissioners, 176 Ill. 576; People v. Sellers, 179 Ill. 170; C., G. W. R. R. Co. v. People, Id. 441; People v. Commissioners, 180 Ill. 160.

But the pleader here, as elsewhere in common law pleadings, is not bound to plead evidence or public statutes.

The only grounds urged against the sufficiency of this petition is that it does not specifically allege the facts from which the court could conclude that the bond furnished by the relator was sufficient.  In this behalf it is argued that the allegation that " your petitioner filed his bond, which was required of him by law," is an allegation of the pleader's conclusion as to what the law required and the sufficiency of the bond to comply with such requirement.  If the writ of mandamus sought was to compel action which involved the acceptance or approval of the bond, this contention would at least demand consideration.  But the writ here sought is to compel the signing of a certificate of election, after a bond had been accepted and approved, and the petition alleges specifically that the board of trustees of the village, of which board appellant is the president, had accepted and approved the relator's bond.  We think the petition sufficient in this respect.

The second and remaining contention of the learned counsel for appellant is that mandamus will not lie to com-

pel the admission of one claimant to an office already held by another claimant thereto, nor to determine the question of title. It is unnecessary to determine the validity of this contention, for it does not appear from the pleadings that there is another claimant to the office, *bona fide* or otherwise, and there can therefore be no question raised upon this record as to the propriety of proceeding by petition for writ of mandamus, rather than by information in the nature of *quo warranto*.

We are of opinion that the petition was sufficient to entitle the relator to the remedy sought. All material facts are sufficiently set forth, so that they may be admitted or traversed, and upon these allegations proof might be made which, under the statute, would entitle the relator to have his commission signed by the appellant as president of the board of trustees of the village. Chap. 24, Sec. 77, S. & C. Statutes.

The learned trial court did not err in overruling the demurrer.

The judgment is affirmed.