### Malcolm McDonald and Allan C. Durborow, Impleaded, etc., v. Walter C. Judson.

1. PROCEEDING FOR MANDAMUS—*A Common Law Action.*—The proceeding for a writ of mandamus is a common law action, and except as may be otherwise provided by statute, it is governed by the rules of common law procedure.

2. PRACTICE—*At Common Law—Taking Judgment Against a Part of the Defendants Only.*—At common law, in a suit where it is permitted to take judgment against a part only, of the defendants, the taking of such judgment operates to discontinue the suit as to all other defendants.

3. SAME—*Two Several Judgments in One Action.*—Two several judgments in one action could not be taken at the common law, and there is no provision of our statute regulating proceedings for mandamus which in any way modifies this rule.

4. SAME—*In Proceedings for Mandamus.*—Under the statute there is no provision regulating the proceedings in applications for manda-

McDonald v. Judson.

mus, and the procedure after pleading is to be the same as in other cases at common law.

5. SAME—*Illustration of the Rule as to Several Judgments in Mandamus Proceedings.*—A party filed a petition for a writ of mandamus against a number of defendants as directors of a corporation. The defendants served with process demurred to the petition and upon their demurrer being overruled, all the defendants answered but two of them, who elected to abide by their demurrer, and judgment was rendered against them awarding the writ and for costs. *Held,* upon appeal, that the awarding of the judgment against the defendants abiding by the demurrer was in effect a discontinuance of the proceeding.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term. 1900. Reversed and remanded. Opinion filed July 18, 1901. Rehearing denied October 7, 1901.

Appellee filed his petition for a writ of mandamus to compel appellants and Bonney, Champlin, Clark, Paine, Rollins and Mackenzie, as directors of a corporation known as the Gold Dredging Co., "to cause to be kept at 511 Tacoma Building, Chicago, Illinois (where the corporation's office is located), correct books of account of all the business of said company, and there to allow forthwith the appellee (who is a stockholder of said corporation) at all reasonable times, by himself or by his attorney, to examine the record and books of account of said company."

Champlin was not served with process. Bonney, Clark and Paine, after having demurred and their demurrers having been overruled, answered the petition. Mackenzie and Rollins demurred, and upon their demurrer being overruled by the court, they elected to stand by their demurrer. Thereupon the court entered judgment against them, which judgment is in form as follows:

" This cause coming duly on to be heard, on the motion of petitioner to dispose of the demurrers of defendants filed herein, and all parties demurring being represented before the court, and after arguments of counsel, and the court being fully advised in the premises, doth overrule each and every of said demurrers, and on motion of petitioner rules the said defendants to plead or answer said petition within fifteen days of this date. Said defendants Mackenzie and Rollins, in open court, refuse to plead or answer same, and

except to said ruling of said court, and elect to stand by their said demurrers. Whereupon the court hereby enters judgment on said petition in favor of said petitioner, and against said defendants Mackenzie and Rollins, for his damages and costs of suit, and orders that the said peremptory writ of mandamus, as prayed for in said petition, forthwith issue against said defendants Rollins and Mackenzie."

Appellants, after their demurrer to the petition had been overruled, filed a plea to the petition, which, in effect, set forth that petitioner ought not to be allowed to further prosecute or maintain his said suit against these defendants because they say that since the beginning of this suit and on, to wit, Saturday, the 17th day of February, 1900, of the January term, petitioner recovered a judgment in this cause against two of the defendants herein, to wit, George S. Mackenzie and Charles E. Rollins, for the issuance of a peremptory writ of mandamus against said Mackenzie and Rollins, as prayed for in said petition, without any disposal of this cause against these defendants McDonald and Durborow, as appeared by the record herein, wherefore these defendants say that said petitioner ought not to be allowed to further prosecute or maintain his said action against these defendants, etc., and concluding with verification.

Appellee demurred to this plea, and the court sustained the demurrer. Thereupon appellants elected to stand by their plea, and the court rendered judgment against them, awarding the peremptory writ, and for damages and costs.

The judgment against Mackenzie and Rollins was entered on February 17, 1900.

The judgment against appellants was entered on June 23, 1900.

LYMAN M. PAINE, attorney for appellants.

C. VAN ALEN SMITH, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only question presented which it is necessary to

determine in disposing of this appeal, is as to the sufficiency of appellant's plea, *i. e.*, as to the effect of the judgment rendered on February 17, 1900, upon the suit as pending against appellants.

Counsel for appellants contend that the effect of this judgment against two of the defendants was to work a discontinuance as to the other defendants. We regard this contention as sound.

The proceeding for a writ of mandamus is a common law action, and except as may be otherwise provided by statute, it is governed by the rules of common law procedure. Bolton v. The People, 95 Ill. App. 285, and cases therein cited.

At common law, in a suit where it is permitted to take judgment against a part only, of the defendants, the taking of such judgment operates to discontinue the suit as to all other defendants. Davis v. Taylor, 41 Ill. 405; Callaghan v. Myers, 89 Ill. 566; Vieths v. Skinner, 47 Ill. App. 325.

Without considering the propriety of the judgment which was rendered against the defendants Mackenzie and Rollins alone, a question which is not presented by this record, it is enough for the decision of this case that the judgment against them, while it stood of record, operated to preclude the appellee from a further maintenance of this suit against the other defendants. Two several judgments in the one action could not be had at the common law, and we find no provision of our statute regulating proceedings for mandamus which in any manner modifies this rule. On the contrary the statute in terms provides that the procedure after pleading shall be as in other cases at common law. Sec. 4, Chap. 87, R. S.

It is urged by counsel for appellee that the judgment of February 17, 1900, against Mackenzie and Rollins, is not a final judgment, but interlocutory only. To this we can not assent. The judgment is that the peremptory writ of mandamus issue against the defendants named, which is precisely the judgment in this proceeding, to which a petitioner is entitled when he prevails in his suit. The record

discloses that the writ did afterward issue in conformity with the judgment.

It is difficult to perceive in what respect this judgment lacks the essentials of a final judgment.

We are of opinion that it was error to enter the judgment against appellants. Therefore the judgment is reversed and the cause is remanded.