Lasher v. Colton.

## Charles W. Lasher v. S. K. Colton, Administrator.

### Gen. No 12,306.

1. PEREMPTORY INSTRUCTION—*when should be given.* Where it is clear to the trial judge that the evidence upon a given question is so insufficient as to justify a finding thereon in favor of the plaintiff, it is proper, at the instance of the defendant, peremptorily to instruct the jury upon such question in favor of the defendant, and if such question is the sole issue before the court, peremptorily to instruct the jury to find for the defendant.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 10, 1906.

WADE GARFIELD, for appellant; LESLIE A. NEEDHAM, of counsel.

DAVID L. ZOOK, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit brought by appellee's intestate, A. M. F. Colton, to recover for services as architect. The case has been here before and is reported in 80 Ill. App. 75. The action was assumpsit. Appellant pleaded the general issue and years later filed a plea of non-joinder, which was properly stricken out. Fisher v. Cook, 125 Ill. 280–283; Snell v. DeLand, 43 Ill. 323–325. Upon the last trial a jury found the issues for the plaintiff and assessed damages at $1,613, for which judgment was entered.

The defense was, first, that if appellant owed anything for the services in controversy it was not to the deceased, but to the copartnership, which it is claimed existed between A. M. F. Colton, the deceased, and his son Samuel K. Colton, who is administrator and appellee herein; second, that appellant was entitled to recoup damages alleged to have been caused by negligence of the architect, and third, that there was a special contract to pay the architect three per cent. on the cost of the building, estimated to be from eighteen to twenty thousand dollars.

Evidence was offered tending to show that the business of the deceased was conducted in the name of A. M. F. Colton & Son and that the father and son worked together in its management. There is no denial that such was the fact, but there is direct affirmative evidence tending to show that while father and son were both architects and occupied offices together, the father was the architect for appellant for the entire period, that he paid all the office expenses himself, shared the profits with no one, and kept the bank account in his own name, the son giving his time and labor in promotion of his father's business. This evidence, so far as we are advised, is uncontradicted. It is evident, appellant entirely failed to maintain by sufficient evidence his contention that it was the alleged firm and

Lasher v. Colton.

not the deceased to whom he was indebted.  Upon this state of facts it is contended that the trial court erred in directing the jury by written instruction withdrawing the question of partnership from their consideration.  Appellant's attorney urges that his client was entitled to have this question, which he says was " the one and I might say the sole defense interposed by appellant at the trial," submitted to the jury.  It is urged this exact question was determined adversely to the instruction complained of, by the ruling of this court upon the former appeal, wherein it was said that the evidence upon the subject of partnership at the former trial was conflicting.  There is, however, no such conflict in the present record, and we are of opinion that there was no error in the instruction under consideration.  As is said in an opinion by Mr. Justice Miller of the Supreme Court in Pleasants v. Fant, 22 U. S. 116–120, *et seq.*, no doubt decisions may be found which go a long way to hold that, if there is the slightest tendency in any part of the evidence to support the plaintiff's case, it must be submitted to the jury;· but the more reasonable rule, established by high authority, is, that before the evidence is left to the jury there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof rested.  " It is," says the court, " the province of the court, either before or after the verdict, to decide whether the plaintiff has given evidence sufficient to support or justify a verdict in his favor," conceding to all the evidence offered the greatest probative force to which it is according to law fairly entitled.  Where it is not so sufficient, it is the duty of the court to set aside a verdict based upon such evidence and grant a new trial; and where it is clear the court would be compelled in case of such verdict to do this, it is not bound to submit the cause to a jury, but may direct a verdict.  See Boyle v. I. C. R. R. Co., 88 Ill. App. 255–257, and cases there cited.

Appellant's attorney concedes that this question of part-

nership " was the main point or basis of the defense interposed by appellant," and it is apparent from the evidence that this is true. Upon the question of damages claimed to have resulted from negligence, and as to the special contract, the evidence warranted, we think, the verdict and judgment.

We have considered the instructions of the giving and withholding of which complaint is made, but find no material error in the record. The judgment of the Circuit Court will be affirmed.

*Affirmed.*