JOHN GRIFFIN, Appellant, vs. THE FRANK PARMELEE COMPANY, Appellee.

*Opinion filed February 20, 1908.*

APPEALS AND ERRORS—*effect where the judgment is against one joint tort feasor and in favor of others.* In an action against several as joint tort feasors, among whom there is no right of contribution, if judgment is rendered against one and in favor of the others, a prayer for an appeal "from the judgment," and an order allowing the same to the defendant against whom judgment was recovered, relate only to that part of the judgment which is against him, and not to both branches thereof, and no amendment of the record to limit the prayer and order to such part is necessary.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

FRED A. BANGS, and SCHNEIDER & SCHNEIDER, (JAMES JAY SHERIDAN, of counsel,) for appellant.

MUSGRAVE, VROMAN & LEE, and SHERIFF, DENT, DOBYNS & FREEMAN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was an action on the case brought by John Griffin, the appellant, in the circuit court of Cook county, against Frank Parmelee Company, a corporation, the appellee, and Charles A. McCulloch and H. C. Frese, employees of the appellee, for malicious prosecution and false imprisonment. Upon a trial by jury a verdict was returned against appellee in the sum of $6500. No finding was made as to McCulloch or Frese. After a *remittitur* of $2500 was entered, a motion for a new trial and a motion in arrest of judgment were overruled, and the court then, on June 16, 1906, entered a judgment for $4000 on the verdict. The court also adjudged that McCulloch and Frese go without day,

that the plaintiff take nothing from them and that they recover their costs. The Parmelee Company appealed to the Appellate Court for the First District. There the cause was assigned to the branch court, which reversed the judgment with a finding of facts adverse to the present appellant, which finding was incorporated in the judgment of the branch court. The cause was not remanded.

The record of the circuit court made at the time the judgment was entered, after reciting the *remittitur* and the denial of the motions, continues: "Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant Frank Parmelee Company the sum of $4000, being the residue of the amount of the damages in form, as aforesaid, by the jury assessed, together with his costs and charges in this behalf expended, and have execution therefor. And that the defendants Herman C. Frese and Charles A. McCulloch go hence without day, and that the plaintiff take nothing from said defendants Herman C. Frese and Charles A. McCulloch by his aforesaid action, and that said defendants do have and recover of and from the plaintiff their costs and charges in this behalf expended and have execution therefor. Thereupon the defendant Frank Parmelee Company, having entered its exceptions herein, prays an appeal from the judgment of the court to the Appellate Court in and for the First District of Illinois, which is allowed upon filing herein its appeal bond in the penal sum of $5000, to be approved by this court, within thirty days from this date. And sixty days' time from this date is hereby allowed said defendant in which to file its bill of exceptions herein."

The Parmelee Company filed an appeal bond in the sum of $5000, reciting that Griffin had recovered a judgment against that company for the sum of $4000 in the circuit court of Cook county, "from which said judgment" the said company had prayed and obtained an appeal, and conditioned for the payment of that judgment, with costs and in-

terest, in the event of its affirmance by the Appellate Court. In the Branch Appellate Court Griffin moved to dismiss the appeal on the theory that the prayer for an appeal which was allowed was for an appeal from two separate and distinct judgments; that the appeal bond purports to perfect an appeal from a judgment in favor of the appellant and against appellee only, which was an attempt to perfect an appeal from a part, only, of the judgment order. In other words, that the judgment order entered by the court included not only the award of $4000 against the Parmelee Company, but also the judgment against Griffin and in favor of McCulloch and Frese; that the appeal allowed was an appeal from both branches of the judgment, while the filing of the bond was an attempt to perfect an appeal from the judgment against the Parmelee Company alone. This motion was denied by the Branch Appellate Court.

Upon the attention of the Parmelee Company being called to the language of the judgment order after the transcript had been filed in the Appellate Court and after the term of the circuit court at which judgment was rendered, that company applied to the circuit court for an order amending the record. The judge of that court inspected the minutes made by his minute clerk, and, basing his action thereon, made an order *nunc pro tunc* amending the record so as to make it state in specific words that the Parmelee Company prayed an appeal from the judgment against that company. Thereafter, and after the motion to dismiss the appeal had been denied, the Parmelee Company, by leave of court, filed an additional transcript in the Branch Appellate Court showing the amended record. Griffin then moved to strike this additional transcript and again moved to dismiss the appeal. Both motions were denied. In this court he assigns as error the refusal to dismiss the appeal. He also insists that the action of the circuit court in amending its record was erroneous for several reasons. This last mentioned contention we find it unnecessary to dispose of.

The action was brought against the Parmelee Company, McCulloch and Frese as joint tort feasors. Among them, even if all guilty, there is no right of contribution. The final record entry made in the circuit court determining the rights of the parties on the merits of the controversy, while appearing upon the record as one judgment, in fact embodies two judgments,—one in favor of Griffin and against the Parmelee Company, and the other against Griffin and in favor of McCulloch and Frese. From a legal standpoint the Parmelee Company was not affected by the entry of the judgment in favor of its co-defendants. It was not a party to that judgment and under the law could not complain of the entry thereof. It had no more right to appeal therefrom than a stranger to the record would have had. Its prayer for an appeal and the order allowing the same must be held to refer to the only judgment from which it had a right to appeal, viz., that against it and in favor of Griffin. Upon the record of the circuit court as originally written the appeal allowed was properly perfected, and it is therefore of no consequence whether that court proceeded rightfully in amending its record. We are without power to review the finding of fact incorporated in the judgment of the Branch Appellate Court. *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302; *Hecker* v. *Illinois Central Railriad Co.* id. 574.

By an assignment of cross-errors in the Branch Appellate Court Griffin questioned the action of the circuit court in giving a certain instruction at the request of the Parmelee Company. That contention is renewed in this court. Upon the facts as found by the Branch Appellate Court it is entirely immaterial whether this instruction should have been given.

The judgment of the Branch Appellate Court will be affirmed.

*Judgment affirmed.*