Bessie Lynch, Defendant in Error, v. City of Chicago, Plaintiff in Error.

Gen. No. 14,731.

1. TORT ACTIONS—*joinder or non-joinder of tort-feasors.* A plaintiff may, at his option, join or not join as defendants joint tort-feasors, but when he does join several as defendants in a tort action he charges a joint liability in legal contemplation and when the pleadings are written he must expressly state his cause of action against the defendant as a joint one.

2. JUDGMENTS—*several tort-feasors.* In a suit against several tort-feasors the damages cannot be assessed severally; there can be only one assessment of damages.

3. PRACTICE—*taking of judgment*. In a tort action the taking of a judgment by the plaintiff against one of several defendants operates as a discontinuance of the case as to all other defendants.

Action in case for personal injuries. Error to Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed December 21, 1909.

**Statement by the Court.** Bessie Lynch, plaintiff below, brought this action against the City of Chicago in the Municipal Court on May 31, 1907. The action is one of the fourth class. In her bill of particulars plaintiff stated her claim to be $1,000 for personal injuries sustained by being tripped and violently thrown, while walking along a sidewalk, by an obstruction or barrier negligently placed and maintained or permitted by the defendants.

On June 13, 1907, plaintiff made the Panock Sidewalk Construction Company party defendant. The City and the Construction Company entered their appearances. On October 12, 1907, a trial by jury was had and a verdict was returned finding the defendants guilty and assessing the plaintiff's damages at $1,000. Thereafter, on November 2, 1907, a new trial was granted the defendants. On December 20, 1907, upon motion of plaintiff, this order granting a new trial was amended so as to be effective only in favor of the City. At the same time plaintiff moved for judgment against the Panock Construction Company and, on December 21, 1907, this motion was allowed and a judgment for $1,000 was then rendered against that company upon the verdict. It was, also, then ordered "that the further trial and consideration of this cause be, and the same is, hereby postponed as to the defendant the City of Chicago." When the judgment against the Construction Company was rendered and the order of postponement as to the City of Chicago was entered, the City moved the court for a dismissal of the suit as to it, but the court overruled the motion and to this ruling the City preserved an exception.

On February 25, 1908, the case was placed on trial before a jury, as to the City, and on February 27, 1908, a verdict was returned finding the City guilty and assessing the plaintiff's damages at $800. The City entered a motion for a new trial which was overruled and a judgment rendered against the City for $800, on March 14, 1908. The record shows that the City objected to the procedure and at all times subsequent to the rendition of the judgment against the Panock Construction Company the City objected to the further prosecution of the suit.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for plaintiff in error; EDWARD C. FITCH and JOSEPH J. SULLIVAN, of counsel.

HOWARD N. OGDEN and AARON HEIMS, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

The attorneys for plaintiff insist that in an action of tort against two defendants sued jointly there may properly be separate trials and judgments as to the two defendants and that verdicts and judgments in favor of the plaintiff may even be for different amounts as to the two defendants. The attorneys for the City contend that a judgment rendered in such action against one defendant operates as a discontinuance of the suit as against the other defendant.

Where several persons jointly commit a tort the person injured has his election to sue all or some of the persons jointly or one of them separately; because a·· tort is in its nature a separate act of each individual. If such action be brought against one only for a tort committed by himself and others he cannot plead the non-joinder of the others in abatement or in bar, or give it in evidence under the general issue. There are some torts which in legal consideration *may* be committed by several and for which a joint action may, conse-

quently, be supported against all the parties. There are other torts of such nature as not to be capable of being jointly committed by several. If in legal consideration an act complained of could not have been committed by several persons, and can only be considered the tort of the actual aggressor, or the distinct tort of each, a separate action against the wrongdoer only, or against each, must be brought. As, for instance, a joint action against two will not lie for verbal slander. If several persons be joined as defendants where the tort could not in point of law be joint, they may demur. 1 Chitty Plead., 85-6; Yeazel v. Alexander, 58 Ill. 254; Callaghan v. Myers, 89 Ill. 566. If several persons be sued in the same action, however, they cannot be charged in the declaration otherwise than jointly. Winslow v. Newlan, 45 Ill. 145, 148.

When a plaintiff joins several persons as defendants in one action he, in legal contemplation, charges a joint liability against all whom he makes defendants and when written pleadings are used he expressly states his cause of action against the defendants as a joint one. In Yeazel v. Alexander, *ibid.*, which was an action where several tort-feasors were joined as defendants who were not jointly liable, the court said (p. 263): "None of the cases cited by plaintiff controvert the principle that, in actions *ex delicto,* the act charged must be the joint act of all the defendants, in fact or in legal intendment, to justify a joint recovery. If there were such, in our view of the law, we should not follow them as authority." In reality the plaintiff in the case at bar is endeavoring to recover separately against the defendants upon a several liability of each, where she has, previously, exercised a privilege, which the law gave her, and elected to hold them jointly liable. Our Supreme Court expressed itself contrary to such procedure in Yeazel v. Alexander, *ibid.* It is there said (pp. 263-4): "We are strongly urged to establish the rule, allowing damages to be assessed severally against defendants in actions for torts. To do so would violate ancient and well settled practice.

The cases cited in support are not in point; the opposite rule is a familiar one, and has been sanctioned by time and approved by the courts. In suits for torts against several, the damages cannot be severally assessed; there can be only one assessment of damages."

In St. L. A. & T. H. R. R. Co. v. South, 43 Ill. 176, 182, it was held to be erroneous to assess damages severally against the defendants in an action of tort. In that case, however, the error was cured by the entry of a *nolle prosequi* before judgment against two of the defendants. "Those of the wrongdoers who are sued together and found guilty in an action of tort are liable for the whole injury to the plaintiff, without examining the different degrees of culpability." Washington Gas Light Co. v. Lansden, 172 U. S. 534, 552. This court said in McDonald v. Judson, 97 Ill. App. 414, 417, "Two several judgments in the one action could not be had at the common law." There is in this state no statute changing that rule. In those actions wherein the common law permits judgments to be taken against a part only, of the defendants, as in tort actions, the taking of such judgment by the plaintiff operates to discontinue the suit as to all other defendants. McDonald v. Judson, *ibid.* That rule has frequently been announced by the courts of review of this state. In Davis v. Taylor, 41 Ill. 405, 408, the Supreme Court expressed itself, in a tort action, by saying, "Taking a judgment against a portion of the defendants amounts to a dismissal of the case as to the residue, and, in actions *ex delicto,* this may be done." The rule is reiterated in I. C. R. R. Co. v. Foulks, 191 Ill. 57, 71; Postal Telegraph-Cable Co. v. Likes, 225 Ill. 269, and in Vieths v. Skinner, 47 Ill. App. 325, 328.

Plaintiff's attorneys quote and apparently have great confidence that authorities make their way which hold that "The court may, after the verdict, grant a new trial to one or more of several defendants if satisfied that they were wrongly convicted and may render judgment on the verdict against the remainder." Cases announcing this rule do not go to the extent of

authorizing the rendition of separate judgments against different tort-feasors in one suit. They merely indicate that in actions *ex delicto,* different from the rule in actions *ex contractu,* the judgment need not follow the declaration so that it must be rendered against all or none of those sued jointly. In assumpsit it is sufficient ground for arresting the judgment if the verdict varies from the count in respect to parties. In actions *ex delicto,* owing to the nature of the action, the judgment need not follow the count in that respect. By granting a new trial to a joint tort-feasor wrongly convicted the court relieves him of the injustice. No case has been cited to us and we venture to say none can be found, unless it be under some statute, where different judgments have been rendered *against* different tort-feasors in a common law action. Of course, where a jury has found one guilty and another not guilty a judgment may, pursuant to the verdict, be rendered which is against one defendant and in favor of the other, and, in a sense, it may be considered as two judgments. That was the extent of the holding in Griffin v. Parmelee, 232 Ill. 503, which is cited to us in behalf of plaintiff as an authority permitting the rendering of different judgments *against* different tort-feasors in one action. Albright v. McTighe, 49 Fed. 817, is also cited as authorizing the rendition of several judgments in one action in tort. There is some loose language used in the opinion in that case to that effect; but that language is mere *dictum.* The defendants there were all granted a new trial.

The taking of judgment against the Panock Construction Company worked a discontinuance as against the City. The judgment will be reversed but the cause will not be remanded.

*Reversed.*