### John Fanning, Appellee, v. George Brandl and Paul P. Brandl, Appellants.

### Gen. No. 17,040.

1. ASSAULT—*joint judgment.* In an action against two defendants for assault, a joint judgment may be rendered against such defendants.

2. DAMAGES—*when not excessive.* A verdict for five hundred dollars is not excessive where plaintiff was sixty years of age when he received a blow on his shoulder blade from which he testified he suffered much pain, and the attending physician testified that there was a swelling around the shoulder blade which in a person of plaintiff's age would cause pain and weakness in the injured part for life.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court

Fanning v. Brandl et al., 178 Ill. App. 224.

at the October term, 1910. Affirmed. Opinion filed March 13, 1913. Rehearing denied March 27, 1913.

ADOLPH RAPHAEL and JOHN C. WILSON, for appellants.

JOHN J. COBURN, for appellee; DAVID T. ALEXANDER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

John Fanning, hereinafter called plaintiff, recovered a judgment against Paul P. and George Brandl, hereinafter called defendants, in a suit alleging an assault committed by them against him. Defendants seek to reverse this judgment.

The plaintiff, then sixty years of age, got into a dispute with the defendants, coal dealers, in their office after their alleged failure to deliver some coal to plaintiff, which he claimed to have paid for in advance. While remonstrating with them, in language the character of which is disputed, the defendants, as plaintiff says, shoved and pushed him towards and outside the door, and when he reached the edge of the doorway the defendant George Brandl struck plaintiff a swinging blow with his clenched fist on the shoulder blade. Any attack on plaintiff is denied by the defendants and two other witnesses, who were present at the time, and it is claimed that the only thing which occurred was that George Brandl took plaintiff by the arm and led him outside.

The point urged by counsel for defendants, that the verdict is contrary to the weight of the evidence, involves the credibility of the witnesses. Upon this question we necessarily must rely chiefly upon the judgment of the jury and the trial court. One uncontradicted circumstance tending strongly to corroborate plaintiff's story of the blow was the presence, within a short time after the occurrence, of marked

indications upon plaintiff's body of a severe blow at the point where he says he was struck by one of the defendants. Furthermore, cross-examination of the witnesses for the defendants, other than the defendants themselves, developed that for a short space of time, while plaintiff and the defendants were together near the door, the witnesses could not see them and hence could not know what occurred at that instant. After consideration we see no reason to disturb the conclusion of the jury as to the guilt of the defendants.

The contention that no joint judgment against the defendants can be rendered herein is answered by the rule as stated in Wabash St. L. & P. Ry. Co. v. Shacklet, 105 Ill. 364 (381): "Where one has received an actionable injury at the hands of two or more wrongdoers, all, however, numerous, are severally liable to him for the full amount of damages occasioned by such injury, and the plaintiff in such a case has his election to sue all jointly, or he may bring his separate action against each or any one of the wrongdoers." And in Lynch v. City of Chicago, 152 Ill. App. 160, the court quotes with approval from Washington Gaslight Co. v. Lansden, 172 U. S. 534: "Those of the wrongdoers who are sued together and found guilty in an action of tort are liable for the whole injury to the plaintiff, without examining the different degrees of culpability."

The verdict was for $500, and we cannot say that it was excessive. Plaintiff testified that he suffered much pain, and the doctor treating him testified that there was present a swelling around the shoulder blade, which in a person of the age of plaintiff would cause pain and consequent weakness in the injured part as long as the patient lived. In Chicago & A. Ry. Co. v. Tracey, 109 Ill. App. 563, the court said: "It was for the jury to assess the damages, and in doing so they might allow compensation for the pain and suffering

undergone by him as a result of the blows inflicted, and for the humiliation, indignity, vexation and disgrace put upon him by the conduct and acts of his assailant. Chicago & N. W. Ry. Co. v. Williams, 55 Ill. 185."

We find no abuse of discretion on the part of the trial court in cross-examining the witnesses. By means thereof material circumstances were developed which otherwise might not have appeared.

The criticisms made against instructions are not of sufficient importance to warrant a reversal.

We find no error in the conduct of the trial, and no manifest reason for setting aside the verdict of the jury, and therefore the judgment will be affirmed.

*Affirmed.*